Friday, January 20, 2006                                          Sent by registered US mail

Honorable Judge James D. Whittemore
United States District Court
Middle District FL – Tampa Division
801 North Florida Avenue
Tampa, Florida 33602

    RE:    USA ex rel Terry Dixon vs. Lincare Holdings, Inc.
             Case No. 8:02-CV-1737-T-27TGW

Dear Judge:

Thank you for the extension of time to locate replacement legal counsel to represent the United States and me as the Relator in the above mentioned Qui Tam case. During the hearing for Mr. Walker's motion to withdraw on January 13 2006, you asked me if I had located replacement legal counsel yet. My answer was that I had been waiting for the seal to be removed. My answer was truthful, yet I would like to provide some further detail to that answer.

On July 5 2005, Mr. Walker forwarded a copy of the U.S. Attorney's letter in which the Government announced its decision not to intervene, it was accompanied by a letter from Mr. Walker stating that he intended to withdraw, as well as a copy of the U.S. Attorney's proposed court order which stated that I (Relator) had 30 days to serve the Defendants on behalf of the Government. I received legal advice from several attorneys that it was allowable to discuss the case with and send out copies of the complaint to prospective replacement counsel. I was concerned about the 30 day time limit mentioned in the proposed court order, so I contacted several law firms and sent out copies of the complaint along with some related correspondence and supporting documentation. Unfortunately the response from each of these law firms was that they were too busy to take on a Qui Tam case without Government intervention.

After I discussed the case with these other attorneys, Mr. Walker informed me that the 30 day time limit had not actually started, and that I would most likely be given an extension of time from the Court at the time the actual court order was issued. It occurred to me that I would need to discuss the case with quite a few law firms in order to locate one that is interested in taking on the case, and I was concerned that this activity could possibly inadvertently jeopardize the Court's seal on the case. Since that time, mid July 2005, I had been waiting for the Court to officially remove the seal.

At this time, I am actively discussing the case with prospective replacement counsel. I plan to contact the larger Tampa area law firms which have experience litigating Qui Tam cases, and the resources to address a defendant as large as Lincare Holding, Inc. I have prepared a case review document which contains a copy of the complaint, along with some related correspondence and supporting documentation, and I will be sending it to the law firms which express an interest in the case.

As ordered, I will provide the Court with a written progress report on my efforts to locate replacement counsel on or before March 13, 2006.

Respectfully,

*[signature]*

Terry Dixon, Relator
2608 Wrencrest Circle
Valrico, Florida 33594
(813) 662-1714