UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. TERRY DIXON,

      Plaintiffs,

vs.

CASE NO. 8:02-CV-1737-T-27-TGW

LINCARE, INC., LINCARE HOLDINGS,
INC., HOME MEDICAL SPECIALTY
EQUIPMENT, INC., and MED4HOME, INC.,

      Defendants.
_____/

## DEFENDANTS LINCARE INC., LINCARE HOLDINGS INC., AND MED 4 HOME INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, Lincare Inc. ("Lincare"), Lincare Holdings Inc. ("Lincare Holdings"), and Med 4 Home Inc. ("Med 4 Home")[1] (collectively, "Movants"), move to dismiss Plaintiff's Second Amended Complaint (the "Complaint"). The grounds for this motion are set forth in the following memorandum of law.

---

[1] Med 4 Home Inc. is incorrectly identified in the Complaint as "Med4Home, Inc."; Lincare Holdings Inc. is incorrectly identified as "Lincare Holdings, Inc."; and, Lincare Inc. is incorrectly identified as "Lincare, Inc." In the present Motion and Memorandum these entities will be correctly identified, except when quoting from the Complaint.

## INTRODUCTION

In his Complaint,[2] Plaintiff attempts to state a qui tam cause of action under the False Claims Act (the "FCA"), 31 U.S.C. § 3729, *et seq.*,[3] a count for retaliatory termination under the FCA, and a count under the Florida Whistle Blower's Act (the "FWA"), Fla. Stat. § 448.101, *et seq.* Plaintiff claims that some or all of the Defendants[4] violated the FCA by engaging in "irregularities and improprieties" amounting to fraud in their handling of prescription orders. Plaintiff also alleges that "Defendants" retaliated against him in violation of the FCA and FWA by terminating his employment after he protested the alleged fraudulent conduct.

Plaintiff's qui tam action under the FCA fails because Plaintiff has not alleged fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Despite his voluminous allegations regarding Movants' computer processing of prescription orders, Plaintiff has failed to set forth sufficient details of Movants' alleged fraud and has utterly failed to allege that Movants' actions resulted in the

---

[2] Plaintiff's initial Complaint was filed under seal in September, 2002. Between September, 2002 and May 11, 2006, the date on which Movants were served with the instant Complaint, Plaintiff twice amended the complaint in an attempt to perfect the allegations therein. In paragraph 11 of the instant Complaint, Plaintiff states that the amendment is intended to "more specifically detail the elements of fraud in accordance with Fed.R.Civ. P. 9(b) . . . ."

[3] The relevant portion of the FCA establishes liability for knowingly presenting, or causing to be presented, false or fraudulent claims for payment to the United States Government. *See* 31 U.S.C. § 3729(a)(1). The FCA permits private individuals to initiate and pursue actions on behalf of the United States Government against persons who allegedly violate section 3729 of the FCA. *See* 31 U.S.C. § 3730. Such a claim on behalf of the United States is referred to as a "qui tam" action. The United States has the right to intervene in a qui tam action under the FCA. *See* 31 U.S.C. § 3730. Following an investigation of Plaintiff's claims in this case, the Government declined to intervene.

[4] Although Plaintiff has sued Lincare Inc., Lincare Holdings Inc., Med 4 Home Inc., and Home Medical Specialty Equipment, Inc., it is unclear which of these Defendants Plaintiff is claiming violated the FCA or the FWA. *See infra* Section II(c). For the Court's information: Lincare Holdings Inc. is a pure holding company that owns Lincare Inc. Med 4 Home Inc. is a wholly owned subsidiary of Lincare Inc. Plaintiff was employed by Lincare Inc. Med 4 Home Inc. is the only entity engaged in the mail order pharmacy business.

submission of even one "false claim" for payment to the United States. As a result, Count I of Plaintiff's Complaint should be dismissed. Pursuant to Rule 12(b)(6) of the Federal Rules, Plaintiff's retaliatory termination counts should likewise be dismissed. Plaintiff has not alleged, and cannot establish, the essential elements of a claim under either the FCA or the FWA.

## MEMORANDUM OF LAW
### I. BACKGROUND

*A. Med 4 Home's Operations.*

Defendant Med 4 Home operates a nationwide mail-order pharmacy business located in Kansas City, MO that provides respiratory medications to patients in their homes, pursuant to a physician's order. (Lincare Holdings and Lincare are not pharmacies and do not dispense or ship respiratory medications.) Prior to shipment, all medication deliveries are reviewed by one of Med 4 Home's licensed pharmacists who ensure, among other things, that all respiratory medications being shipped to a patient are supported by a valid physician order. Med 4 Home retains in their files copies of all physician orders for the customers they serve. Med 4 Home receives reimbursement from the customers' insurance carriers, including Medicare when applicable, for all covered respiratory medications.

*B. Plaintiff's Allegations.*

In support of his qui tam count, Plaintiff claims that during his employment with Defendant "Lincare," he learned of "practices, policies and activities which he believed to be fraudulent and illegal . . . ." *See* Complaint ¶7. Plaintiff asserts that Med 4 Home

and "Lincare" engaged in three allegedly fraudulent practices: (1) shipping medication without physician prescriptions; (2) increasing the number of permissible refills without physician approval; and (3) sending multiple shipments to customers rather than consolidating orders into single shipments. *See* Complaint ¶¶28 & 31. Plaintiff further alleges that it was possible for Med 4 Home and "Lincare" to ship orders without physician prescriptions because Med 4 Home's computer programmers had access to the sales order database, and could and did modify the database to falsely reflect that physician prescriptions had been obtained. *See* Complaint ¶28(i). The Complaint does not contain factual allegations supporting Plaintiff's theory that Med 4 Home and "Lincare" fraudulently increased the number of permissible refills and purposely sent customer orders in separate shipments.

In support of his FCA and FWA retaliation counts, Plaintiff claims that after he discovered the allegedly fraudulent practices, he made suggestions to his supervisor for repairing the "irregularities and improprieties . . ." Complaint ¶27. Plaintiff asserts that in response, his supervisor either "appeared none too interested" or "grew openly hostile and angry[,]" "instructed Plaintiff to discontinue his efforts at 'fixing' the problems," and shortly thereafter terminated Plaintiff's employment. Complaint ¶¶24 - 26.

## II. COUNT I LACKS THE PARTICULARITY REQUIRED BY RULE 9(b)

### A. *Particularity Pleading Standard.*

It is well-established in the Eleventh Circuit that actions under the FCA are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). *See, e.g., United States ex rel Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d

1301, 1309-10 (11th Cir. 2002); *Cooper v. Blue Cross & Blue Shield*, 19 F.3d 562, 566-67 (11th Cir. 1994). Rule 9(b) mandates that in all allegations of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." This particularity requirement serves several purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . Second, [the rule] exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their good will and reputation.

*United States ex rel Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield, Inc.*, 755 F. Supp. 1055, 1056-57 (S.D. Ga. 1990). Failure to satisfy the pleading requirements of Rule 9(b) is grounds for dismissal of a complaint. *See United States ex rel Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

To comply with Rule 9(b), an FCA Plaintiff must allege specific details of the defendant's allegedly fraudulent conduct, including "facts as to time, place, and substance of the defendant's . . . acts, when they occurred, and who engaged in them." *Corsello*, 428 F.3d at 1012 (citing *Clausen*, 290 F.3d at 1310) (internal quotations omitted). Further, because liability under the FCA arises from "the submission of a fraudulent claim rather than simply the disregard of government regulations or a failure to maintain proper internal policies[,]" an FCA Plaintiff must allege, with particularity, that the defendant <u>illegally requested payment</u> from the government. *See, e.g., Clausen*, 290 F.3d at 1311. As the Eleventh Circuit stated in *Clausen*,

> Without the *presentment* of [a fraudulent request for payment], while the practices of [the defendant] may be unwise or improper, there is simply no

actionable damage to the public fisc as required under the False Claims Act. . . . As such, Rule 9(b)'s directive . . . does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government.

290 F.3d at 1311 (emphasis in original); *see also United States ex rel Longest v. Dynacorp*, 2006 WL 47791 at *2 (M.D. Fla. Jan. 9, 2006)(stating that "[t]he act of submitting a fraudulent claim to the government is the *sine qua non* of a False Claims Act violation.")

### B. *No Allegation of a False Claim.*

In his qui tam count, Plaintiff alleges that Defendants "Lincare Corp." and Med 4 Home "have engaged in an ongoing pattern of criminal conduct, fraud, misrepresentation and other improper conduct contrary to the laws of the United States . . . ." Complaint ¶34. Plaintiff's allegations fall far short of Rule 9(b)'s particularity requirement. Plaintiff has utterly failed to allege that Movants submitted <u>even one false claim for payment</u> to the United States Government. Although Plaintiff was a "corporate insider" and claims to have obtained significant knowledge regarding Movants' allegedly fraudulent activity, Plaintiff has not provided any "indicia of reliability" to support his allegation that Movants violated the FCA. For example, Plaintiff fails to allege that he has any knowledge of Med 4 Home's billing procedures sufficient to provide some reasonable reliability to his allegations. As a result, Plaintiff's qui tam action must fail. *See Corsello*, 428 F.3d at 1014 (affirming dismissal of complaint based on plaintiff's

failure to allege "the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government").

The strikingly similar *Clausen* case is instructive. Clausen, a former employee of LabCorp, included in his complaint extensive details of LabCorp's "schemes" to conduct unnecessary and unauthorized medical tests. *See Clausen,* 290 F.3d at 1303. According to Clausen, LabCorp's desire to increase its testing revenue motivated the alleged "schemes" and, ultimately, led to the filing of false Medicare claims by LabCorp. *See id.* at 1312-13. Despite Clausen's extensive allegations, however, the Eleventh Circuit upheld the district court's dismissal of the complaint because Clausen did not provide any factual support for his conclusory assertion that claims for payment were submitted to the Government. *See id.* As the Court succinctly stated, "[a]t most, Clausen's complaint raises questions about LabCorp's internal testing policies. But nowhere in the blur of facts and documents assembled by Clausen . . . can one find any allegations, stated with particularity, of a false claim actually being submitted to the Government." *Id.*

Although Plaintiff here has provided a lengthy recitation of the "irregularities and improprieties" allegedly committed by Movants, nowhere in the Complaint does Plaintiff identify any illegal Medicare billings submitted to the Government. Plaintiff summarily claims that Movants were motivated by a desire to increase revenue, but fails to explain how any of the Movants went about doing so to the detriment of the United States Government. Like the plaintiff in *Clausen*, Plaintiff does not provide copies of any alleged illegitimate Medicare billings, does not identify any Medicare patient for whose prescription Movants illegitimately sought reimbursement, and does not identify the

dollar amounts of any alleged illegal Medicare reimbursement claims. *See Clausen*, 290 F.3d at 1306, 1312; *see also Corsello*, 428 F.3d at 1013-14.

Moreover, Plaintiff has not in any way attempted to explain, in fact, has not even made <u>mention</u> of, Movants' Medicare billing policies or practices. *See Corsello*, 428 F.3d at 1014 (finding insufficient plaintiff's conclusory allegation that he was "aware of" defendant's billing practices). In a nod to the specific fraud allegations that Plaintiff concedes he must make, Plaintiff identifies five individuals who were allegedly involved in computer database tampering. *See* Complaint ¶¶11 & 29. Plaintiff does not, however, identify any employee or other representative of any of the Movants who were engaged in the billing process, much less any who allegedly generated or submitted illegitimate Medicare billings.

Plaintiff simply has not made even a conclusory allegation to tie Movants' alleged fraudulent computer activities to any claim for Medicare reimbursement.[5] In short, Plaintiff has not even alleged as much as the <u>unsuccessful</u> plaintiffs in *Corsello* or *Clausen;* he has not attempted to raise an inference that the fraudulent schemes described

---

[5] The best Plaintiff can do in an attempt to link the alleged database tampering to any Medicare reimbursement claim appears in Paragraph 30 of the Complaint; there, Plaintiff states that "[h]e *believes* that a direct and simple reconciliation of the Medicare medication billings against the legitimate prescriptions that Med 4 Home can produce for a given period of time will confirm the fraud." Plaintiff's "belief," unsupported by any specific factual allegations, simply does not meet the particularity pleading requirement of Rule 9(b). *See Stinson,* 755 F. Supp. at 1052 (stating that Rule 9(b) pleadings "cannot be based on information and belief.") Moreover, it is apparent that the Plaintiff wishes to establish his allegations of fraud though the discovery process, e.g. his suggested records reconciliation. Fortunately, the *Clausen* court has recognized this potential and required strict compliance with Rule 9(b), thus preventing a fishing expedition that "may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements." *Clausen,* 290 F.3d at 1313, n.24.

in his Complaint resulted in, should have resulted in, or could have resulted in illegal claims for Medicare reimbursement.[6]

Rule 9(b) is designed to prevent a plaintiff from using discovery as a fishing expedition for generalized fraud claims, at the expense of a defendant's good will and reputation. *See Stinson,* 755 F. Supp. at 1056-57. Plaintiff is clearly planning a fishing expedition in this case. As a result, Plaintiff's qui tam action should be dismissed. Moreover, Plaintiff has already availed himself of two opportunities to amend his complaint in the attempt to perfect his claims. This Court should not permit him another opportunity to correct his deficiencies. *See Corsello,* 428 F.3d at 1014-15 (finding that district court did not err in denying plaintiff's motion for leave to file third amended complaint).

### C. *Plaintiff Fails to Identify the Defendants Who Violated the FCA.*

In addition, Plaintiff's qui tam action does not meet the minimum pleading requirements of Rule 9(b) because Plaintiff fails to identify which Defendants engaged in which allegedly fraudulent acts, and does not clearly identify which Defendants have been sued under the qui tam count. Within the factual allegations in his Complaint, Plaintiff confusingly refers to all "Defendants" in some areas and in other areas refers specifically to "Med4Home" or "Lincare" (without specifying either Lincare Inc. or Lincare Holdings Inc. as the "Lincare" at issue). Under Count I, Plaintiff identifies "Lincare Corp." and "Med4Home" as the allegedly liable parties, but again, Plaintiff does

---

[6] Plaintiff may argue that the Court should infer and assume that Movants' alleged fraudulent activities logically resulted in false claims for payment. In *Clausen,* however, the Eleventh Circuit prohibited just such an assumption stating that "we cannot . . . presume what LabCorp's billing policies were and assume LabCorp actually billed the Government . . . We must leave the burden of pleading the particular facts behind the complaint's allegations to the plaintiff in this case." *Clausen,* 290 F.3d at 1313, n.23.

not specify which of the Lincare Defendants is at issue. As a result, the Complaint does not provide Movants with sufficient notice of the claims against them and should be dismissed. *See Stinson,* 755 F. Supp. at 1052.

## III. COUNT II FAILS TO STATE A CLAIM FOR FCA RETALIATION

Count II of Plaintiff's Complaint, the FCA retaliation count, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted. As this Court has recognized, "[w]hile the court must accept all well-pleaded allegations in a complaint as true, the court will not accept, without more, conclusory allegations masquerading as factual conclusions. *See, e.g., Robinson v. Jewish Center Towers, Inc.,* 993 F. Supp. 1475, 1477 (M.D. Fla. 1998) (citing *Desai v. Tire Kingdom, Inc.,* 944 F. Supp. 876 (M.D. Fla. 1996)). It is beyond doubt that the Plaintiff can prove no facts in support of his retaliation claim that would entitle him to relief and, as a result, that claim should be dismissed. *See, e.g., Conley v. Gibson,* 335 U.S. 41, 45-46 (1957).

### A. *Prima Facie Elements of FCA Retaliation.*

The FCA prohibits retaliation against an employee who engages in activity protected under the Act. *See* 31 U.S.C. § 3730(h). That "whistle blower" provision provides a right of action to an employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against by his employer because of the employee's involvement in an investigation in furtherance of an action under Section 3730. *See id.* The prima facie elements of an FCA retaliation claim are (1) that plaintiff engaged in protected activity, (2) that plaintiff's employer knew about the

- 10 -

protected activity, and (3) that the employer discharged or otherwise discriminated against plaintiff <u>as a result of</u> the protected activity. *See, e.g., Robinson*, 993 F. Supp. at 1477.

With regard to the first and second prima facie elements, the Eleventh Circuit has held that an FCA retaliation plaintiff is not required to establish that an FCA claim had already been filed at the time he blew the whistle. A retaliation plaintiff must assert and ultimately prove, however, that there was a "distinct possibility" that an FCA claim would be filed at the time he engaged in the protected conduct and that his employer was aware of that possibility. *See Childree v. UAP/GA AG Chem, Inc.*, 92 F.3d 1140, 1146 (11th Cir. 1996). In other words, an FCA retaliation plaintiff must allege that his investigatory actions were sufficient to put the defendant on notice of a possible qui tam action. *See Robinson*, 993 F. Supp. at 1478 (discussing and implicitly accepting defendant's reliance on *United States ex rel Ramsayer v. Century Healthcare Corporation*, 90 F.3d 1514 (10th Cir. 1996)).

    B.    *Count II of Plaintiff's Complaint Lacks the Second and Third Element of Prima Facie Retaliation Case Under the FCA.*

The conclusory allegations supporting Plaintiff's FCA retaliation claim are insufficient to establish the elements of that claim. Nowhere in the Complaint does Plaintiff explicitly or implicitly claim that he was engaged in an investigation of alleged violations of the FCA, or that Movants were on notice of a "distinct possibility" that an FCA claim would be filed. *See Robinson*, 993 F. Supp. at 1478 (finding allegations that the plaintiff cooperated and assisted with a government investigation, and that defendant became aware of plaintiff's participation, supported cause of action for FCA retaliation).

For example, Plaintiff asserts in paragraph seven that he informed his supervisor about the alleged database tampering and that "[h]e was threatened with discharge if he did not acede to the improper practices." Alternatively, Plaintiff alleges in paragraph 25 that he discussed with his supervisor "what he thought at the time were inadvertent software misapplications and errors." *See also* Complaint ¶¶ 18, 26-27, 33.

Even taking all of the Complaint allegations as true, Plaintiff has merely established that he notified Movants of alleged improprieties with regard to the computer processing and shipment of prescription respiratory therapies and equipment. Plaintiff has not alleged facts sufficient to establish that he was investigating any allegedly illegal Medicare reimbursement claims, or that he put Movants on notice he might report to a government agency any such illegal claims for reimbursement. As a result, Plaintiff's factual allegations do not establish a colorable claim of FCA retaliation and Count II should be dismissed.

### III. PLAINTIFF'S CLAIM UNDER FLORIDA'S WHISTLE BLOWER ACT IS SIMILARLY DEFICIENT

In Count III of the Complaint, Plaintiff attempts to state a cause of action under the FWA. Count III is likewise subject to dismissal because Plaintiff has not established all elements of the claim. Moreover, the Court should decline to retain pendent jurisdiction of Plaintiff's state law claim in the absence of a viable federal cause of action.

*A.  Failure to Identify Any Law, Rule, or Regulation Violated by Movants.*

To state a cause of action under the relevant section of the FWA, a Plaintiff must allege and establish that the defendant took retaliatory personnel action against him

because he (1) objected to, or refused to participate in, (2) an activity, policy, or practice of the defendant, (3) that was in violation of a law, rule, or regulation. *See* Fla. Stat. § 448.102; *see also New World Communications v. WTVT-TV,* 866 So. 2d 1231, 1233 (Fla. 2d DCA 2003) (rejecting FWA claim where "rule" at issue did not meet statutory definition of "law, rule, or regulation"). Notably, Plaintiff has not identified any specific law, rule, or regulation that Movants allegedly violated. Plaintiff has simply asserted the vague and conclusory allegation that Movants engaged in "unlawful or improper conduct." *See, e.g.,* Complaint ¶43. Therefore, Count III of Plaintiff's Complaint is lacking an essential element of a cause of action under the FWA and that count should be dismissed pursuant to Rule 12(b)(6).

### B. The Court Should Decline to Retain Pendent Jurisdiction.

Lastly, even if the Court were to determine that Plaintiff's FWA claim is sufficient to survive Rule 12(b)(6) review, the Court should exercise its discretion to decline pendent jurisdiction of this state law claim. Because Plaintiff's claims under federal law are insufficient and ripe for dismissal, the Court can and should choose to dismiss the pendent FWA claim. As the U.S. Supreme Court stated in *Carnegie-Mellon Univ. v. Cohill,* "in the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. 343, 350 n. 7 (1988).

WHEREFORE, based on the foregoing, Movants respectfully request that the Court enter an order dismissing all claims alleged against them in the Complaint and granting such further relief as the Court deems just and proper.

Respectfully submitted,

**PHELPS DUNBAR LLP**

_____
Lawrence P. Ingram      FBN 855510
Jolee Land              FBN 0135860
100 South Ashley Drive • Suite 1900
Tampa, Florida 33602-5311
(813) 472-7550
(813) 472-7570 (FAX)
Attorneys for Defendants Lincare Inc., Lincare Holdings Inc., and Med 4 Home Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alexander Osondu Akpodiete, Esquire
LAWYERALEX, P.A.
Post Office Box 273826
Tampa, FL 33688-3826
(813) 965-8988
(813) 315-7988 (E-FAX)
lawyeralex@aol.com
Attorneys for Plaintiff

Whitney L. Schmidt, Esquire
U.S. ATTORNEY'S OFFICE
Middle District of Florida
400 North Tampa Street
Suite 3200
Tampa, FL 33602
(813) 274-6000
(813) 274-6200 (FAX)
whitney.schmidt@usdoj.gov

Alan Gale, Esquire
U.S. DEPARTMENT OF JUSTICE
601 D Street, NW
Room PHB 9720
Washington, D.C. 20004

_____
Lawrence P. Ingram    FBN 855510