UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY DIXON, *ex rel*,

    Plaintiff,

v.                                                  CASE NO: 8:02-cv-1737-T-26TGW

LINCARE CORP., MED4HOME,
INC., LINCARE HOLDINGS, INC.,
LINCARE, INC.,

    Defendants.
_____/

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law and Plaintiff's Memorandum of Law in Opposition.[1] After careful consideration of the parties' submissions, together with the well-pleaded allegations of Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, the Court is of the opinion that Defendants' motion is well-taken and should be granted with prejudice with regard to counts one and two but that count three should be dismissed without prejudice to being refiled in state court.

---

[1] The Clerk reassigned this case to the undersigned judge following Judge James Whittemore's order of recusal entered September 15, 2006. See docket 39.

Plaintiff initiated this action almost four years ago and is now proceeding on his second amended complaint.[2] In count one, he brings a cause of action founded on the False Claims Act (the FCA), 31 U.S.C. § 3729 *et seq*.[3] In count two, he claims retaliatory discharge under the FCA pursuant to 31 U.S.C. § 3730(h). Finally, in count three, he alleges a violation of Florida's Whistleblower Act, § 448.102.

Plaintiff claims in count one that Defendants "engaged in an ongoing pattern of criminal conduct, fraud, misrepresentation and other improper conduct contrary to the laws of the United States, the state of Florida, and various other codes, rules and regulations regulating the furnishing of medication for profit." The central focus of this claim is Defendants' alleged fraudulent practices, policies, and procedures in the computer processing of prescription orders of Medicare-eligible individuals. Plaintiff

---

[2] The Court notes that Plaintiff did not request leave to amend in his response. Had he done so, however, the Court would have denied such relief because, in the Court's view, any further amendment would be futile. See Corsello v. Lincare, Inc., 428 F. 3d 1008, 1014-15 (11th Cir. 2005). Plaintiff has had three opportunities to satisfy the pleading requirements imposed by law, and there is absolutely nothing to suggest that he would meet with success given a fourth opportunity. Indeed, Plaintiff acknowledged in his most recent complaint the need "to clarify and more specifically detail the elements of fraud in accordance with Fed. R. Civ. P. 9(b), as required by U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F. 3d 1301 (11th Cir. 2002), as well as to specify additional, separate fraudulent activity of Lincare that was omitted from the original complaint." As explained in the body of this order, however, Plaintiff's latest attempt to clarify and more specifically detail the elements of fraud have not met with success and, as just noted, there is no indication that Plaintiff would able to provide any further clarification or specification sufficient to state a cause of action should he be allowed to file a fourth complaint.

[3] The Government has previously declined to intervene under the FCA.

asserts that he learned about this illicit activity following his employment with Defendant Lincare, Inc., as a computer program analyst with the assigned duty of upgrading certain software used to process prescription orders. He specifically alleges that these fraudulent practices consisted of the following: (1) shipping medication without physician prescriptions; (2) increasing the number of permissible refills without physician approval; and (3) sending multiple shipments to customers rather than consolidating orders into single shipments. Plaintiff makes no allegations, however, in which he identifies specific illegitimate Medicare billings, including what those billings consisted of, who initiated those billings, and how and when those billings were submitted to the Government.

Defendants' primary contention in support of dismissal of this claim is that Plaintiff has failed to allege with particularity the submission of false claims to the Government as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court agrees with this contention in light of well-settled Eleventh Circuit precedent. See Corsello v. Kincare, Inc., 428 F. 3d 1008 (11th Cir. 2005). As in Corsello, although Plaintiff "provided the 'who,' 'what,' 'where,' 'when,' and 'how' of improper practices, . . . he failed to allege the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government." Id. at 1014; see also United States ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F. 3d 1301, 1311 (11th Cir. 2002) (observing that the submission of a claim is "the *sine qua non* of a False Claims Act violation" and that Rule 9(b)'s directives require a False Claims Act plaintiff to provide some indicia of reliability in the complaint "to support the allegation of *an actual false claim* for payment

being made to the Government") (emphasis in original) (citation omitted). Hence, because, as Defendants correctly point out, Plaintiff has utterly failed to provide any documentation or information identifying any illegal Medicare billings submitted to the Government for payment, the Court must dismiss count one.[4]

In count two, Plaintiff complains that his employment was terminated in violation of the provisions of 31 U.S.C. § 3730(h) which prohibit an employer from discharging an employee for engaging in the protected activity of assisting in or instituting an action under the FCA. He claims that after he communicated his findings to his supervisor regarding "serious irregularities and improprieties in the way prescription orders were being recorded, sold, and shipped," and after he "proposed specific, reasonably simple remedies which Plaintiff had the skill to implement[,]" his supervisor "instructed Plaintiff to discontinue his efforts at 'fixing' the problems, and ordered him to ignore the irregularities and improprieties, and when Plaintiff refused he was terminated on or about August 30, 2002." Plaintiff advances no allegation, however, that at the time he made his

---

[4] As Defendants also correctly note, Plaintiff's beliefs set forth in paragraph 30 with respect to how a reconciliation of certain data will confirm Medicare billing fraud, unsupported by any specific factual allegations, does not meet the particularity pleading requirements of Rule 9(b). See United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield, Inc., 755 F. Supp. 1040, 1052 (S.D. Ga. 1990) (observing that pleadings filed under Rule 9(b) generally cannot be based on information and belief) (citation omitted) (cited with approval in United States ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F. 3d 1301, 1314 n. 24 (11th Cir. 2002).

revelations to his supervisor that Defendants knew he was engaged in activity protected by the FCA.

Defendants seize on this pleading omission in contending that Plaintiff has failed to allege all of the essential elements of a cause of action for retaliatory discharge under the FCA. Their contention is well-taken. Under the law, a plaintiff claiming a violation of 31 U.S.C. § 3730(h) must allege and establish that (1) he engaged in protected activity, (2) that his employer knew that he engaged in the protected activity, and (3) that his employer discharged him as a result of the protected activity. See Schuhardt v. Washington Univ., 390 F. 3d 563, 566 (8th Cir. 2004); Yuhasz v. Brush Wellman, Inc., 341 F. 3d 559, 566 (6th Cir. 2003); Zahodnick v. International Business Machines Corp., 135 F. 3d 911, 914 (4th Cir. 1997); United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F. 3d 1514, 1522 (10th Cir. 1996); Robertson v. Bell Helicopter Textron, Inc., 32 F. 3d 948, 951 (5th Cir. 1994). With respect to the second element, "[t]he legislative history makes clear that 'a whistleblower must show the employer had knowledge the employee engaged in protected activity.'" Roberston, 32 F. 3d at 951 (citing S. Rep. No. 345, 99th Cong., 2d session. 35 (1986) *reprinted in*, 1986 U.S.C.C.A.N. 5266, 5300). Thus, as the Ramseyer court observed within the context of the second element, "[if] defendants were not afforded such notice, then, *a fortiori*, their actions could not constitute retaliation." 90 F. 3d at 1522. Consequently, in light of Plaintiff's total failure to allege one of the essential elements of a cause of action under 31 U.S.C. § 3730(h), count two must likewise be dismissed.

In count three, Plaintiff accuses Defendants of discharging him in violation of Florida's Whistleblower Act, § 448.102. Defendant urges this Court either to dismiss or to decline to exercise supplemental jurisdiction over this count. Because this is a state-law claim which turns on a determination of Florida law so that a state court should be the final arbiter of this claim, and because the federal claims are being dismissed, the Court will exercise its discretion and decline to exercise supplemental jurisdiction as to count three. See Baggett v. First Nat'l Bank of Gainseville, 117 F. 3d 1342, 1353 (11th Cir. 1997). In doing so, the Court is required to dismiss this count without prejudice to being refiled in the appropriate state court. See Crosby v. Paulk, 187 F. 3d 1339, 1352 (11th Cir. 1999).[5]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 29) is granted with prejudice as to counts one and two. The Clerk is directed to enter judgment for Defendants as to these counts.

2) The Court dismisses count three of Plaintiff's Second Amended Complaint without prejudice to being refiled in state court.

3) The Clerk is directed to close this case.

---

[5] The Court notes that Plaintiff need not be concerned with the issue of the statute of limitations with regard to his state-law claim so long as he refiles it in state court within 30 days. See 28 U.S.C. § 1367(d).

**DONE AND ORDERED** at Tampa, Florida, on September 19, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record